UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LIA MELISSA HUAMAN, YESENIA PEREZ, DIANA SANCHEZ, NELLY SANTOYO, ALICIA TIRADO, and ELIA ZAMORA, individually and on behalf of all others similarly situated, § § § § § § § Plaintiffs, § § v.  § § OJOS LOCOS SPORTS CANTINA § LLC and FRONT BURNER § RESTAURANTS, LP, § § Defendants. § | CIVIL ACTION NO.  3:13-CV-4938-B |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Conditional Class Certification and Notice to Potential Plaintiffs (doc. 10), which was filed on May 16, 2014. For the reasons below, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part**.

I.

BACKGROUND

This case arises out of a Fair Labor Standards Act ("FLSA") claim for unpaid minimum wages and overtime. 29 U.S.C. §§ 201, *et seq.* The six named plaintiffs are former waitresses suing on behalf of themselves and all those similarly situated. Am. Compl. 4. Defendant Ojos Locos Sports Cantina LLC ("Ojos Locos") owns and operates sports bars and grills in Dallas, Fort Worth, and San Antonio, Texas. Def.'s Opp. 3. Defendant Front Burner Restaurants, L.P. ("Front Burner") is a limited partnership organized under the laws of the State of Delaware that "provides certain payroll and human resources functions for Defendant Ojos Locos, including the calculations of servers' pay and

the issuance of pay checks and wage settlements." Doc. 33, Def.'s Ans. 3–4.

Plaintiffs worked as waitresses (servers) for Ojos Locos.[1] Am. Compl. 4; Pls.' Mot. 2; Def.'s Resp. 3. In that capacity, they tended to patrons and worked as cashiers for food and alcohol that were purchased. Am. Compl. 4; Pls.' Reply 10. Plaintiffs collected some payments for checks and tips in cash, which they kept during their shifts. Am. Compl. 4. However, checks and tips that were paid by credit card were processed by a computer system near the bar areas. *Id.* Plaintiffs allege that they were not paid any hourly wages by Defendants. *Id.* They further claim that they were issued fraudulent paystubs, which showed arbitrary and incorrect hours worked. *Id.* In particular, Plaintiffs allege that the paystubs always totaled fewer than forty hours, though Plaintiffs maintain they "routinely worked in excess of forty hours per week." *Id.* at 4–5. Plaintiffs insist they were not paid overtime for these extra hours. *Id.* at 5.

Plaintiffs also claim that Defendants had "an established practice of requiring [them] and the Plaintiff Class to pay the bills of walked checks, declined credit cards, and food and drink that was [sic] given away out of the cash they received from tips and previous checks that were paid in cash." *Id.* As a result of these deductions and "partial tips," Plaintiffs allege that on multiple occasions they worked entire shifts without receiving either cash wage payments or tips. *Id.*

For these alleged FLSA violations—paying no hourly wages, withholding overtime pay, and making improper deductions from their earnings,[2] Plaintiffs filed suit against Defendant Ojos Locos

---

[1] Plaintiffs refer to themselves as "waitresses" throughout their filings, while Defendant refers to them instead as "servers." Neither party addresses—let alone objects to—the other's terminology. The Court interprets this to mean that "waitresses" and "servers" have identical job duties, and the terms are therefore interchangeable. The Court will use them accordingly.

[2] Under the FLSA, "an employer is prohibited from taking certain self-serving deductions from an employee's wages. Deductions are improper when they deprive a worker of the federally mandated minimum wage or overtime pay." *Gellhaus v. Wal-Mart Stores, Inc.*, 769 F. Supp. 2d 1071, 1077 (E.D. Tex. 2011) (internal citations omitted).

Sports Cantina LLC in the 44th Judicial District Court of Dallas County, Texas, on November 7, 2013. Doc. 1-5, Pls.' Orig. Pet. Shortly thereafter, on December 19, 2013, Defendant Ojos Locos removed the action to this Court. Doc. 1. On May 16, 2014, Plaintiffs filed their present Motion. Doc. 10. With leave of Court, Ojos Locos filed its response on June 13, 2014, and Plaintiffs then filed their reply. Docs. 12, 17, 26. On July 18, 2014, Plaintiffs filed an Amended Complaint, adding Defendant Front Burner Restaurants, LP to the action. Doc. 30.

As Plaintiff's Motion for Conditional Class Certification and Notice to Potential Plaintiffs is ripe, the Court will consider its merits below.

## II.

## LEGAL STANDARD

"In 1938 Congress enacted the FLSA as a means of regulating minimum wages, maximum working hours, and child labor in industries that affected interstate commerce." *Reich v. Tiller Helicopter Servs., Inc.*, 8 F.3d 1018, 1024 (5th Cir. 1993) (citing 29 U.S.C. § 202). "[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive '[a] fair day's pay for a fair day's work.'" *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 578 (1942)). "Minimum wage and overtime requirements are the two central themes of the Act." *Gellhaus*, 769 F. Supp. 2d at 1076.

The FLSA grants "individual employees broad access to the courts." *Barrentine*, 450 U.S. at 740. In particular, it allows a suit to be instituted by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages or overtime, as well as liquidated damages, from employers who violate the statute's provisions. 29 U.S.C. § 216(b). "This type of collective action follows an 'opt-in' procedure in which '[n]o employee

shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Vogt v. Texas Instruments, Inc.*, No. 3:05–CV–2244–L, 2006 WL 4660134, at *2 (N.D. Tex. Sept. 19, 2006) (quoting 29 U.S.C. § 216(b)). Accordingly, "those who choose not to opt-in to a class action under § 216(b) are not bound by and may not benefit from the judgment." *Hall v. Burk*, No. 301CV2487H, 2002 WL 413901, at *2 (N.D. Tex. Mar. 11, 2002).

District courts have discretion to allow a party asserting claims on behalf of others to notify potential plaintiffs that they may choose to "opt in" to the suit. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *see also Vogt*, 2006 WL 4660134, at *2. Though the Fifth Circuit has not adopted a particular standard to use in determining whether to allow notification, the prevailing view among federal courts is to follow the two-step approach outlined in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Barnett v. Countrywide Credit Indus. Inc.*, No. CIV.A.3:01–CV–1182–M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).

Under *Lusardi*, the court first makes an inquiry into whether the plaintiff has provided sufficient evidence that similarly situated plaintiffs exist. *Id.* "Because the court generally has minimal evidence at this stage, the determination is made using a fairly lenient standard and typically results in conditional certification of a conditional class." *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012). Although courts generally require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," a factual basis for the allegations must exist and there must be a showing of some "identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Id.* (internal citations and quotation marks omitted). After granting conditional certification, the court will reexamine the class once notice, time for opting-in, and discovery have all taken place. *Barnett*,

2002 WL 1023161, at *1. If the court finds that the class is no longer made up of similarly situated persons, it may decertify the class, usually upon a motion filed by the defendant. *Id.*

## III.

## ANALYSIS

Plaintiffs seek to certify the following class: "all current and former Waitresses and Service staff who worked for Defendant [Ojos Locos] in the State of Texas." Pls.' Mot. 1. Ojos Locos opposes Plaintiffs' Motion and insists that conditional certification is inappropriate. In particular, Ojos Locos claims that Plaintiffs fail to show that it maintained a uniform policy or practice giving rise to the alleged violations, that other Ojos Locos establishments employed the same wage-and-hour practices, or that other servers were subjected to the same conditions. Def.'s Opp. 1.

A.   *Conditional Certification*

Plaintiffs' Motion concerns the first or "notice" stage of classification, which means they must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff[s] in relevant aspects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung Corp.*, No. 4:08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009). If the Court finds that the action "arises from circumstances purely personal to the plaintiff[s], and not from any generally applicable rule, policy, or practice," it may deny the conditional certification. *Tolentino v. C & J Spec-Rent Servs. Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (internal quotation marks omitted).

    1.   <u>Do Aggrieved Individuals Exist?</u>

Plaintiffs have stated a cognizable claim under both Sections 206 and 207 of the FLSA, which require employers to pay non-exempt employees minimum wage and to pay overtime for hours

worked in excess of forty per week, respectively. 29 U.S.C. §§ 206(a), 207(a). Plaintiffs have alleged that they were non-exempt, hourly employees, who were not paid any hourly wages or overtime compensation. Am. Compl. 4–5; *see also* Perez Decl. at ¶¶ 7, 16; Santoyo Decl. at ¶¶ 8, 17; Zamora Decl. at ¶¶ 8, 17; Tirado Decl. at ¶¶ 8, 17. Plaintiffs also claim that they were compensated pursuant to Defendant's "established practice"of requiring "Plaintiffs and the Plaintiff Class" to pay the bills of "walked checks," declined credit cards, or gifted food or drinks out of their cash tips or from previous checks that were paid in cash. Am. Compl. 5. Four of the six named plaintiffs have provided declarations describing how they routinely worked more than forty hours a week without receiving overtime pay or having their pay statements reflect the correct number of hours worked. Perez Decl. at ¶¶ 9, 16; Santoyo Decl. at ¶¶ 10, 17; Zamora Decl. at ¶¶ 10, 17; Tirado Decl. at ¶¶ 10, 17. Plaintiffs' declarations also indicate that declarants were aware of other "Waitresses and Service staff" who performed similar duties and who were paid in the same manner. *See* Perez Decl. at ¶ 20; Santoyo Decl. at ¶ 21; Zamora Decl. at ¶ 19; Tirado Decl. at ¶ 19

"Declarations such as these are ideal for analysis of whether the putative class members were together the victims of a single decision, policy, or plan." *Jones*, 281 F.R.D. at 290 (internal quotation marks omitted). Plaintiffs' evidence indicates that Ojos Locos may have indeed committed FLSA violations with respect to Plaintiffs and others. *See Tolentino*, 716 F. Supp. 2d at 649 (internal quotation marks omitted) ("Affidavits show that a defendant implemented the same policy with respect to different employees, and that additional plaintiffs wish to join the collective action suit."). Though Defendant denies all of Plaintiffs' allegations and insists it paid servers hourly wages and overtime, had a policy against altering employees' time records, and prohibited employees from working "off the clock," the Court finds its responses unmoving. Defendants' arguments go to the merits of Plaintiffs' case and are inappropriate to consider at the notice stage. *Lee v. Metrocare Servs.*,

980 F. Supp. 2d 754, 767 (N.D. Tex. 2013); *see also Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (noting that courts do not review the "underlying merits" at the notice stage); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (noting that the court does not assess the merits of the claim at either stage of certification). Plaintiffs have only a "low burden" at this stage, and the Court concludes that there is a reasonable basis for crediting the assertion that aggrieved employees exist. *Black v. Settlepou,* P.C., No. 3:10–CV–1418–K, 2011 WL 609884, at *4 (N.D. Tex. Feb. 14, 2011); *Jones*, 281 F.R.D. at 290.

    2.    <u>Are There Aggrieved Individuals who are Similarly Situated to Plaintiffs?</u>

To establish that employees are similarly situated, a plaintiff must show that such employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions. The positions need not be identical but similar." *Barnett*, 2002 WL 1023161, at *2. "A court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 650 (internal quotation marks omitted).

Plaintiffs' declarations and pleadings indicate that all six worked as waitresses, and their duties included taking orders from customers, delivering orders to and from the kitchen, serving food and beverages, and collecting payments for checks. *See* Perez Decl. at ¶ 3; Santoyo Decl. at ¶ 3; Zamora Decl. at ¶ 3; Tirado Decl. at ¶ 3; Am. Compl. 4 at ¶ 19. Plaintiffs' Motion states that the women worked at "Dallas/Fort Worth locations," but later indicates that Plaintiffs' job duties involved tending to patrons "in assigned sections of the bar in Dallas, Texas." Pls.' Mot. 3. Plaintiffs allege Defendant did not pay them hourly wages or overtime and, instead, used its point-of-sale computer system to document false tip amounts and issue payroll statements with bogus hours. Pls.' Mot. 3–4. The four declarant plaintiffs also allege General Manager Omar Benitez and Assistant

Manager Eddie Benitez often required them to pay for walked checks or declined credit cards out of their cash tips. Perez Decl. at ¶ 10; Santoyo Decl. at ¶ 11; Zamora Decl. at ¶ 11; Tirado Decl. at ¶ 11. Finally, plaintiffs state they are aware of other waitresses and service staff who performed similar job duties, were paid in the same manner, and would be interested in joining the lawsuit if they knew about it. Perez Decl. at ¶ 20; Santoyo Decl. at ¶ 21; Zamora Decl. at ¶ 19; Tirado Decl. at ¶ 19.

Defendant does not dispute that Plaintiffs worked as waitresses or that they were employed at the Dallas location. *See* Def.'s Opp. 3. Defendant also does not deny that it relies on its point-of-sale computer system to ring up customers' bills and calculate workers' hours, or that sometimes managers will adjust employees' hours in the computer system. Def.'s Opp. 4–6. However, Defendant again denies that it failed to pay Plaintiffs hourly wages or overtime or that it forced Plaintiffs to pay for walked checks out of their tips. *Id.* Defendant also states that it had a policy regarding proper use of its computer system to record employees' hours. Def.'s Resp. 5. Defendant further includes a chart of Plaintiffs' average hours worked per week, each of which is less than forty, and provides declarations from five servers who worked at the Dallas location during the same period as Plaintiffs and state they were paid hourly rates, they generally did not work more than forty hours, and they were paid for all hours worked. *See id.* at 8; *see also* Arriaga Decl.; Caldwell Decl.; Ortiz Decl.; Rodriguez Decl.; Salazar Decl. Finally, Defendant challenges Plaintiffs' declarations as being, *inter alia*, "conclusory," and suggests three should be stricken for not being certified translations from Spanish to English. Def.'s Opp. 26, 2 n.1.

Despite Defendant's objections, the Court concludes that this action does not arise out of circumstances purely personal to Plaintiffs. Defendant concedes that it utilizes a computer system at its Dallas location to record server hours, that managers have access to this system and can change employees' hours, and that the Dallas location generally operates with a staff of 40 to 45 servers.

Def.'s Opp. 3–6. Taken in consideration with Plaintiffs' common duties, wages (or lack thereof), and allegedly bogus time sheets, the Court concludes there is a "meaningful nexus that binds Plaintiffs' claims together." *Jones*, 281 F.R.D. at 291. Defendant's assertions regarding the average hours Plaintiffs actually worked and Ojos Locos' policies regarding pay once again go towards the merits of Plaintiffs' case and are not appropriate to consider at this stage. *Lee*, 980 F. Supp. 2d at 767. Similarly, other servers' declarations are not dispositive. "While the Court must be satisfied that other 'similarly situated' employees desire to opt in, numerosity is not a requirement for conditional certification under the *Lusardi* approach." *Id.* at 768 (internal citations omitted); *see also Black*, 2011 WL 609884, at *3 (rejecting defendant's argument that plaintiff was required to obtain preliminary support from unspecified number of potential class members as "putting the cart before the horse").

Finally, the Court disagrees that Plaintiffs' declarations are simply "conclusory" and "self-serving." Furthermore, Defendant's allegation that they are inadmissible is inapposite; "Plaintiffs need not present evidence in a form admissible at trial at the notice stage." *Lee*, 980 F. Supp. at 761. Indeed, "because the Plaintiffs were not required to present affidavits that would otherwise meet the requirements of a dispositive motion . . . , the Court declines to strike the declarations merely because Plaintiffs did not provide affidavits in Spanish with a certified translation into English." *Vargas v. HEB Grocery Co., LP*, No. SA–12–CV–116–XR, 2012 WL 4098996, at *2 (W.D. Tex. Sept. 17, 2012). It is enough that each of Plaintiffs' declarations was based on personal knowledge. *See Lee*, 980 F. Supp. 2d at 762 (declining to strike declarations for failing to meet all the requirements of Federal Rule 56(e), but noting that declarations must be based on personal knowledge). Plaintiffs have provided declarations based on their personal knowledge and have made substantial allegations that they are similarly situated to potential class members. *See* Perez Decl. at ¶ 1; Santoyo Decl. at ¶ 1; Zamora Decl. at ¶ 1; Tirado Decl. at ¶ 1. The Court is therefore satisfied

that it is "likely that similarly situated aggrieved individual exist in the case." *Jones*, 281 F.R.D. at 291.

      3.    <u>Do Similarly Situated Aggrieved Individuals Want to Opt in to the Lawsuit?</u>

For the reasons already discussed, the Court finds it likely that similarly situated aggrieved individuals may want to opt in to this lawsuit. Though Plaintiffs have only provided declarations for themselves, "courts have allowed for class certification without either the submission of statements from similarly situated employees, or affidavits from named Plaintiffs that provide specific information about other employees." *Jones*, 281 F.R.D. at 291 (collecting cases); *see also Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 471 (S.D. Tex. 2012) ("Many courts have determined that plaintiffs do not need to present evidence that potential opt-in plaintiffs desire to opt-in."). In the event other similarly situated employees are found not to exist, the issue may be raised at the decertification stage. *Tolentino*, 716 F. Supp. 2d at 653.

Though the Court finds that Plaintiffs have satisfied their modest burden for conditional certification, it nevertheless takes issue with the class of individuals Plaintiffs wish to certify. Plaintiffs request certification of "all current and former Waitresses and Service staff who worked for Defendant in the State of Texas." Pls.' Mot. 1. However, the Court has already noted that Plaintiffs stated their duties were to "assigned sections of the bar in Dallas, Texas." Pls.' Mot. 2–3. In addition, Plaintiffs have not provided anything that reasonably indicates that the alleged FLSA violations may have occurred anywhere besides Dallas. "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Rueda v. Tecon Servs., Inc.*, No. H–10–4937, 2011 WL 2566072, at *4 (S.D. Tex. June 28, 2011). Plaintiffs direct the Court to Yesenia Perez's declaration, which states that Dallas Assistant Manager Joey Martinez told her he set up the point-of-sale computer system for San Antonio and Houston locations. Pls.' Mot. 11; Pls.'

Reply 5; Perez Decl. at ¶ 19. However this statement provides no basis for inferring that FLSA violations may have occurred in these other cities. The Court gleans from Plaintiffs' filings that it was managers' tampering with hours that caused the bogus time sheets rather than the computer system itself. As such, the mere existence of that system—or its being set up by an assistant manager from Dallas—is not telling. Accordingly, the Court declines to extend the class beyond the Dallas Ojos Locos. *See Flowers v. MGTI, LLC*, No. H–11–1235, 2012 WL 1941755, at *4 (S.D. Tex. May 29, 2012) (declining to extend collective certification to other locations because record was devoid of evidence of practices beyond one locale).

A second concern of the Court's is Plaintiffs' request to include "service staff" in the potential class. Plaintiffs fail to define this term in their filings, and, as Defendant points out, "service staff" could reasonably refer to a number of positions, including table bussers, hosts, or bartenders. Def.'s Opp. 14. Further, Plaintiffs plainly state in their reply brief that "The Ojos Locos Sports Cantina *Chicas* comprise the putative class," and that Plaintiffs and *Chicas* shared the same job duties of tending to patrons at the bar and serving as cashiers for the food and drinks patrons purchased. Pls.' Reply 8, 10 (emphasis in original). This jibes with Plaintiffs' declarations, in which Plaintiffs identify as waitresses and state that their duties were to take orders from customers, deliver orders to and from the kitchen, serve food and beverages, and collect payments for checks. Perez Decl. at ¶¶ 2–3; Santoyo Decl. at ¶¶ 2–3; Zamora Decl. at ¶¶ 2–3; Tirado Decl. at ¶¶ 2–3.

Though the Court recognizes individuals need not be identical for conditional certification, potential class members must nevertheless be "similarly situated with respect to their job requirements and with regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649–50 (internal quotation marks omitted). Defendant here has indicated that each position at Ojos Locos is subject to different terms and conditions of employment, and Plaintiffs have failed to explain how "service

staff," who reasonably could hold any number of positions at Ojos Locos, are similarly situated to them as waitresses. Accordingly, the Court declines to include "service staff" within the class.

Finally, the Court takes issue with Plaintiffs' request to include "all current and former" waitresses. An FLSA cause of action "may be commenced within two years after the cause of action accrued . . . , except that a cause of action arising out of a willful violation may be commenced within three year after the cause of action accrued." 29 U.S.C. § 255(a). "Based on the statute of limitations, courts have recognized that class certification is appropriately limited to workers employed by defendant up to three years before notice is approved by the court." *Quintanilla v. A & R Demolitina, Inc.*, No. H–04–1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005); *see also Watson v. Travis Software Corp.*, No. H–07–4104, 2008 WL 5068806, at *8 (S.D. Tex. Nov. 21, 2008) (limiting class period to "three years before the issuance of notice is approved"). Accordingly, the Court concludes that the class period must commence three years prior to the Court's approval of notice and therefore shall not extend to all former waitresses.

The Court further concludes that the class period must end in December 2013. Plaintiffs concede that they are no longer employed by Ojos Locos, and Defendant has provided evidence that no plaintiff has worked at its Dallas location since December 2013. Def.'s Opp. 15; Benitez Decl. at ¶ 11. More importantly, Defendant has indicated that "since late 2013, the Dallas location has had servers sign off and acknowledge the accuracy of any manager adjustments to their time in writing." Def.'s Opp. 15; Estrada Decl. at ¶ 9. This policy change demonstrates that servers employed since December 2013 are not "similarly situated" to those before that time—namely Plaintiffs, "as they are not together 'victims of a single decision, policy, or plan,' regardless of whether FLSA violations continued to occur after that time." *Tolentino*, 716 F. Supp. 2d at 654–55. Thus, the class period must end in December 2013. *See Walker*, 870 F. Supp. 2d at 472–73.

In sum, the Court concludes that conditional certification is appropriate, though only with respect to waitresses (servers) who worked at the Dallas Ojos Locos from three years before the Court approves notice until December 2013.

B.   *Notice*

Having determined that conditional certification is appropriate, the next consideration is notice. Defendant has raised several objections with respect to Plaintiffs' proposal. Def.'s Opp. 28. Defendant has also requested the Court direct the parties to confer and jointly arrive at language that is mutually agreeable. *Id.* The Court agrees that the parties should attempt to resolve any differences regarding the substance of the notice. Accordingly, the Court **ORDERS** the parties to confer and attempt to agree on the contents of the notice. The Court further **ORDERS** the parties submit a concise statement to the Court detailing any issues they could not resolve.

The Court notes that Plaintiffs have requested the Court order Defendant to disclose the names, last known addresses, and email addresses of potential plaintiffs. Pls.' Mot. 15. Plaintiffs ask this information be provided within ten days of the Court's order and in usable electronic form. *Id.* Plaintiffs also request permission to mail and email notice and consent forms to class members. *Id.* Defendant has not objected to any of these requests, and the Court finds them to be reasonable. Accordingly, the Court **ORDERS** Defendant to produce the full names (including middle names if known), last known addresses, and email addresses for all individuals to whom notice may be sent. In addition, the Court **GRANTS** Plaintiffs' request to mail and email class members once notice and consent forms have been approved.

## IV.

## CONCLUSION

In conclusion, Plaintiffs' Motion is **GRANTED in part** and **DENIED in part** as follows:

1. The Court hereby **conditionally certifies** this collective action.;

2. The prospective class may only include waitresses (servers), who were not paid minimum wage or were not paid overtime at the rate of one and one-half times their regular hourly rate, and were employed at the Dallas Ojos Locos up to three years before the Court approves notice until December 2013.;

3. The Court **ORDERS** the parties to confer and submit a proposed notice to the Court, revised in accordance with the Court's comments above. The parties should discuss any Spanish-language version of the notice that Plaintiffs wish to send. If the parties are unable to agree on the contents of the notice, they shall submit to the Court a brief joint statement explaining any outstanding issues. The proposed notice or joint statement is due within **two weeks of this Order**.; and

4. The Court **ORDERS** Defendant to produce to Plaintiffs' counsel, in usable electronic format and **no later than ten days from this Order**, the full names (including middle names if known), last known addresses, and email addresses for all individuals to whom notice may be sent.

Once the Court has approved notice, it will direct Plaintiffs in a separate order to file notice and consent forms to each potential class member. The Court will similarly provide a date by which potential class members will have to file consent forms with the Court to join the collective action.

SO ORDERED.

SIGNED: AUGUST 19, 2014.

                                                _____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE